F. V. SMITH CONTRACTING CO. v. CITY OF NEW YORK. (No. 7071.)

(Supreme Court, Appellate Division, First Department. April 9, 1915.)

1. MUNICIPAL CORPORATIONS ⬤⟶374—CERTIFICATE OF ENGINEER—EVIDENCE.
　　In an action against defendant city on a contract for grading and paving a street, providing that, if the borough engineer should be of opinion that performance was unnecessarily or unreasonably delayed, he should notify the borough president, who might notify the contractor to discontinue the work, and then relet it, where it appeared that the certificate of the engineer that the work was unnecessarily and unreasonably delayed had not been made upon personal knowledge, but upon the reports of subordinates, the contractor was entitled to show the actual facts.
　　[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 905, 910; Dec. Dig. ⬤⟶374.]

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. APPEAL AND ERROR ⬱927—REVIEW—DIRECTED VERDICT—INFERENCES FROM EVIDENCE.

On appeal from a verdict directed for the defendant the plaintiff is entitled to the benefit of the most favorable inferences that can be drawn from the testimony in his behalf.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912, 2917, 3748, 3758, 4024; Dec. Dig. ⬱927.]

3. DAMAGES ⬱208—AMOUNT—QUESTION FOR JURY.

The bare existence of any damages, or their amount, in an action for breach of contract, is a question of fact for the jury.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 54, 64, 68, 132, 144, 145, 205, 220, 533, 534; Dec. Dig. ⬱208.]

Appeal from Trial Term, New York County.

Action by the F. V. Smith Contracting Company against the City of New York. Judgment for defendant, entered on a directed verdict, and plaintiff appeals. Reversed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Charles J. Hardy, of New York City, for appellant.
Clarence L. Barber, of New York City, for respondent.

SCOTT, J.   [1, 2]  The action is upon a contract for regulating, grading, and paving Leggett avenue in the borough of the Bronx. The contract was executed on March 22, 1909, and provided that the work should be completed within 300 working days. On April 16, 1910, the president of the borough of the Bronx declared the contract abandoned, on the ground that the work had been "unnecessarily and unreasonably delayed," and thereupon the plaintiff and its workmen were compelled to leave the job, and the work was relet.

The contract contained the usual provisions that if "the engineer shall be of opinion, and shall so certify to the president, that the performance of the contract is unnecessarily or unreasonably delayed, * * * the president shall have the power to notify the contractor to discontinue all work, or part thereof," and thereupon to relet the work. The contract provided that the word "engineer," wherever used, should be deemed to designate the chief engineer of the borough of the Bronx. Pending the performance of the contract the office of the borough president of the Bronx was reorganized, the position of chief engineer of the borough of the Bronx was abolished, and the duties formerly performed by him with reference to the class of work to be performed under plaintiff's contract were devolved upon an officer designated as the chief engineer of sewers and highways.

The sole ground upon which the borough president declared the contract abandoned was that the work had been "unnecessarily and unreasonably delayed," and it is the plaintiff's contention that the method by which the contract could be abrogated for this reason is clearly defined by the contract itself, and that this method was not followed. It further contends, and there is evidence from which the jury might have so found, that there had not been unnecessary or unreasonable delay. The officers of defendant seem to have strangely ignored and

⬱For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

overlooked the plain provisions of the contract as to the method to be pursued when occasion arose for abrogating a contract for delay.

In this particular the case is on all fours with Wakefield Co. v. City of New York, 157 App. Div. 535, 142 N. Y. Supp. 743, in which this court affirmed a judgment in favor of the plaintiff upon a contract for the construction of a sewer in the borough of the Bronx, in which the same officers acted who acted in the present case, and in the same manner. It was held in that case that, while the certificates of the engineer and of the borough president did not in form comply with the requirements of the contracts, they were in substantial compliance therewith. It appeared in that case, however, as it appears in this, that the chief engineer of sewers and highways, whose certificate that the work was unnecessarily and unreasonably delayed was an essential prerequisite to a lawful abrogation of the contract by the borough president, and upon whose certificate the president assumed to act, had no personal knowledge of the facts upon which his certificate was based, but relied for such facts entirely upon reports from his subordinates. In the Wakefield Co. Case the jury found that these reports were untrue and erroneous, and in the present case the jury might have so found if it had been permitted to pass upon the question. Upon this state of facts this court said:

"In forming his opinion the engineer necessarily relied to some extent upon the reports of his subordinates. It seems obvious that if those reports were untrue or inadequate, and the engineer, without any investigation himself, relied solely upon them in forming his opinion, then, no matter how implicitly he believed in the truth of the reports, his certificate would not be conclusive because it would not represent his honest judgment based upon existing facts. Therefore, I am of the opinion that the plaintiff was entitled to show what the actual facts were, and if there were no facts upon which the judgment of the chief engineer could have been based, then the jury was justified in concluding that either the facts had been misrepresented to him, or that his opinion was not based on any facts. The chief engineer did not have the right to cancel the contract at his option, but only to certify when, in his opinion, its performance had been unreasonably or unnecessarily delayed. If he formed such an opinion capriciously or arbitrarily, without regard to the facts, then his certificate was not given in good faith."

If we were right in affirming the judgment in the case from which I have cited, it seems to follow necessarily that the present judgment cannot be sustained, for the two cases are not to be distinguished upon the facts. In the present case there was evidence from which the jury might have found that at the date of the abrogation of the contract plaintiff's delay was considerably less than the engineer of sewers and highways believed that it was, and on an appeal from a directed verdict for the defendant, plaintiff is entitled to the benefit of the most favorable inferences to be drawn from the testimony.

[3] It is quite probable that plaintiff's damages will, upon a retrial, be found to be much smaller than it claims, and it may even be found that it has suffered no appreciable damage; but all that is a matter for the jury.

Upon the authority, therefore, of Wakefield Co. v. City of New York, supra, the judgment appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.